**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS MURRAY, | : | CIVIL ACTION NO. **4:CV-06-2443** |
| | : | |
| Petitioner | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JONATHAN MINER, | : | |
| WARDEN, | : | |
| | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

Thomas Murray, an inmate at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania ("LSCI-Allenwood"), filed, *pro se*, this action pursuant to 28 U.S.C. § 2241 on December 21, 2006. (Doc. 1). Petitioner also filed a support Brief. (Doc. 2). Petitioner paid the filing fee. The Respondent, Warden Miner, has not yet been served.[1] We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2] *See also Pacitti v. Lindsay*, 2006 WL 1274997 *1 (M.D. Pa.).

---

[1]We note that Petitioner names the correct Respondent since Miner has custody over him. *See* 28 U.S.C. § 2242. Upon reviewing this habeas petition, since we are recommending the summary dismissal of this petition under Rule 4 foll. § 2254, we do not recommend that this petition be served on Respondent.

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**I. Background.**

In 1997, the Petitioner was charged in the United States District Court for the Northern District of California with marijuana cultivation in violation of 21 U.S.C. § 841 (a)(1), § 846, and 18 U.S.C. § 2. (Doc. 1, p. 2). Petitioner was convicted after a trial. On September 28, 2000, Petitioner's conviction and sentence were affirmed. (*Id*., p. 3). Petitioner also filed a Section 2255 motion, and it was denied. In his habeas petition, Petitioner seeks the Court to direct the BOP to immediately consider him for CCC placement pursuant to 18 U.S.C. § 3621, regardless of the time he as already served and still has to serve. (*Id*., last page). Petitioner states in his Brief that he was convicted on October 9, 1998, and was sentenced to a prison term of 151 months. (Doc. 2, p. 3). Petitioner commenced serving his federal sentence in the East Coast and in 1999, he was confined in LSCI-Allenwood, where he has served the majority of his sentence. He is presently confined at LSCI-Allenwood. (*Id*.). He is currently scheduled to be released from federal custody on his stated sentence on January 15, 2008, his mandatory release date.[3] In his Habeas Petition, Petitioner seeks this Court to order his immediate placement in a Community Confinement Center ("CCC").

**II. Claims of Habeas Petition.**

As mentioned, the Petitioner seeks to have this Court order the BOP to immediately transfer and place him in a CCC. Petitioner contends that, pursuant to 18 U.S.C. § 3621(b), this Court should grant him immediate CCC placement. (Doc. 2, p. 2). Petitioner claims that he is entitled

[3]Petitioner's scheduled release date is less than 151 months after October 1998, presumably due to receipt of good conduct time credits towards service of his sentence.

to a transfer to a CCC to serve the rest of his sentence, despite the fact that he is scheduled to be released on January 15, 2008. (*Id.*, p. 2).

Specifically, Petitioner states as follows:

> Due to Petitioner's term of incarceration and soci-economic (sic) upon release the immediate placement and transfer in a CCC is in the best interest of the Petitioner, BOP, and the Community.
>
> The BOP's policy of February 2005 [§570.21(a)] improperly denies placement in CCC's based on how much of the sentence has been served.

(*Id.*, p. 4).

Petitioner cites to *Woodall v. Federal Bureau of Prison*, 432 F. 3d 235 (3rd Cir. 2005), as support for his petition. (*Id.*, p. 1).[4]

Petitioner further states:

> The petition challenges the inaction and reluctance of the BOP to place the petitioner in a CCC with approximately one year left on his term of imprisonment. Immediate placement at this time would be in the best interest of the Petitioner, BOP, and society.

---

[4] Petitioner's reliance on *Woodall v. BOP*, 432 F. 3d 235 (3d Cir. 2005), is premature. Initially, we note that *Pacitti, supra,* was decided after *Woodall*. In *Pacitti*, this Court found that an inmate was not eligible for consideration for CCC placement until he approached the end of his sentence. Further, *Woodall* held that the BOP had to consider the five factors set forth in 18 U.S.C. § 3621(b), and that the BOP must make decisions regarding transfers of an inmate to a CCC using these factors that Congress specified. *See Shellberg v. Lindsay*, 2006 WL 1149251 * 2 (M.D. Pa.). *Woodall* does not yet apply to our Petitioner since he is not yet near the end of his sentence, and he is not entitled to consideration for CCC placement by the BOP at this time. Once Petitioner nears the end of this term, the BOP, of course, must afford him a good faith consideration of CCC placement pursuant to the principles annunciated in *Woodall*. Thus, *Woodall* does not require sooner consideration for CCC placement. Rather, *Woodall* requires that when an inmate is eligible for CCC consideration, the BOP must adhere to the factors Congress established. *See also White v. Hogsten*, 06-1088, MD Pa.

> The applicable statute governing the Bureau of Prisons authority to designate placement of an inmate in a CCC is Title 18 U.S.C. § 3621(b). Within that statute are five (5) mandatory factors that must be considered in placement in an "available penal or correctional facility."

(*Id*., p. 4). Petitioner claims that the amount of time served on a sentence is not a factor that must be considered in determining CCC placement.

As relief, Petitioner requests this Court to grant him immediate CCC placement. (*Id*., p. 7).

**III. Discussion.**

Petitioner states that on November 29, 2006, he submitted an Inmate Request to Staff in which he requested immediate placement in a CCC. (Doc. 2, p. 2 and Ex. 1). Petitioner states that he has not yet received a response to his request. Petitioner argues that exhaustion of his BOP administrative remedies would be futile since it would take over 5months to do so, and this time would be better served if he was placed in a CCC so that he could establish community ties. (*Id*.). Petitioner states that if he had to fully exhaust his administrative remedies, he would only have 6 months time to be placed in a CCC, and this is the precise situation which he is challenging in this case. (*Id*., pp. 2-3).

Initially, we disagree that exhaustion would be futile in this case. As stated, Petitioner admittedly failed to fully exhaust his Administrative Remedies with the BOP, and he asserts that it would be futile to do so since the time it would take to exhaust with the BOP would be better served if he was placed in a CCC. Before a prisoner can bring a habeas petition under 28 U.S.C. § 2241, administrative remedies must be exhausted. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996). If a prisoner does not exhaust available remedies, the petition should be

dismissed. *Arias v. United States Parole Commission*, 648 F.2d 196, 199 (3d Cir. 1981); *Mayberry v. Pettiford*, 2003 WL 21635306 (5th Cir.).[5] The Petitioner concedes that he has not exhausted his remedies and we do not find it would have been futile to have done so.

---

[5]In *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689 (E.D. Ky. 2004), the Court stated as follows:

> Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam). Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. § 542.10-16 (1997) (and not pursuant to PLRA provisions § 1997e(a)) may the prisoner then seek § 2241 judicial review. *United States v. Oglesby*, 52 Fed.Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir. 2002) (citing *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)). The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory (PLRA) requirement, but instead, is a wholly judicially created requirement. *See Wesley v. Lamanna,* 27 Fed. Appx. 438, 2001 WL 14150759 (6th Cir. 2001). The judicially imposed non-statutory exhaustion of Bureau of Prisons administrative remedies for a federal prisoner seeking to bring a 28 U.S.C. § 2241 petition is set out at 28 C.F.R. §§ 542.10 - .16 (1987). Section 542.13(a) demands that an inmate informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy (BP-8 ½). If the inmate cannot informally resolve his complaint, then he may file a formal written complaint (BP-9) "within fifteen (15) calendar days of the date on which the basis of the complaint occurred." *See* § 542.13(b). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) that decision to the Office of General Counsel. *See* § 542.15.

Moreover, on the merits of this habeas petition, we find that it should be summarily dismissed. This Court very recently considered a similar habeas petition in the case of *Pacitti, supra*. In *Pacitti*, the Petitioner sought this Court to transfer him to a CCC to serve the remainder of his sentence until his release date in 2011. *Id.* at * 1. This Court summarily dismissed the habeas petition under Rule 4 foll. § 2254. This Court stated as follows:

> Petitioner has no right to CCC placement one year prior to release, even though the BOP has discretion under 18 U.S.C. § 3621(b) to place him in such a facility at any point in his prison term. While Congress has mandated CCC placement for federal prisoners, consideration of such placement is not required until the last six months of incarceration. The statutory mandate for placement of an inmate in pre-release custody near the end of his sentence is set forth in 18 U.S.C. § 3624(c), which in pertinent part provides:
>
>> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

*Id*. * 2.

This Court concluded:

> Under this provision, Petitioner could receive a six (6) month stay in a CCC. However, Petitioner is not eligible for consideration under § 3624(c) until he approaches the end of his term. Therefore, since Petitioner is not entitled to placement in any particular facility at this time, his petition

> for writ of habeas corpus will be summarily dismissed under Rule 4 of the Rules governing habeas corpus petitions.

*Id.* * 2. (Emphasis added).

More recently in *White, supra*, this Court again held that Petitioner White was not eligible for consideration for CCC placement until he approached the end of his term. Petitioner White's term did not expire until July 18, 2007.

As in *Pacitti* and in *White*, our Petitioner is not eligible for consideration for CCC placement until he approaches the end of his term. As stated, Petitioner's term does not expire until January 15, 2008. Pursuant to *Pacitti and White*, consideration for CCC placement for a federal inmate is not required until the last six months of incarceration. *Id.* * 2. Our Petitioner has over one year remaining on his term. Our Petitioner, as this Court held in *Pacitti* and White, is not entitled to consideration under § 3624(c) for CCC placement until he approaches the end of his term. *Id.*

Thus, we shall recommend that Petitioner Murray's Habeas Petition be summarily dismissed since he is not yet entitled to CCC placement at this time. *Id.*

**IV. Recommendation.**

Accordingly, it is respectfully recommended that Petitioner Murray's Habeas Petition (Doc. 1) be summarily dismissed under Rule 4 of the Rules governing habeas corpus petitions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 12, 2007**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS MURRAY, | : | CIVIL ACTION NO. **4:CV-06-2443** |
| | : | |
| Petitioner | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JONATHAN MINER, | : | |
| WARDEN, | : | |
| | : | |
| Respondent | : | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 12, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 12, 2007**